966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry BROWN, Plaintiff-Appellant,
v.
James MURPHY, et al., Defendants-Appellees.
 No. 90-2311.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 The district court dismissed the complaint in this case under Fed.R.Civ.P. 12(b)(6), denying plaintiff's request for counsel in the process. We affirm, essentially for the reasons given in the district judge's opinion, which is attached. The complaint essentially alleges disagreement with the medical opinions of the numerous professionals who have examined or treated him. Litigation under the eighth amendment is not a means of reviewing the diagnosis of prison doctors. Denial of the request for counsel was not an abuse of discretion in these circumstances.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF WISCONSIN
 
 4
 LARRY BROWN, Plaintiff,
 
 
 5
 v.
 
 
 6
 JAMES MURPHY, BARBARA WHITMORE, PAT SIEDSCHLAG, VIJOYA
 
 
 7
 DASGUPTA, SANDY BORDEAU and B. RATACZAK, Defendants.
 
 ORDER
 90-C-197-S
 
 8
 (May, 18, 1990)
 
 
 9
 Plaintiff was allowed leave to proceed in forma pauperis against the defendants on his Eighth Amendment claim that they were deliberately indifferent to his serious medical need. On April 13, 1990 defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff responded on May 7, 1990.
 
 FACTS
 
 10
 For purposes of deciding defendants' motion to dismiss the allegations of plaintiff's complaint are accepted as true.
 
 
 11
 Plaintiff Larry Brown is incarcerated at the Columbia Correctional Institution, Portage, Wisconsin (CCI). Defendant Barbara Whitmore is the Director of Health and Social Services. Defendant James Murphy is the warden at CCI. Defendant Vijoya Dasgupta is the doctor at CCI and defendant Patricia Siedschlag is the Health Services Unit Manager. Defendants Sandy Bordeau and B. Rataczak are nurses.
 
 
 12
 Plaintiff was seen on January 3, 1985 by Dr. Henry Peters, a Neurologist at U.W. Hospital and Clinics, who diagnosed him as having occipital neuralgia which caused him headaches, backaches and neck pain. On August 28, 1988 plaintiff was transferred to CCI and requested an appointment with Dr. Peters. Dr. Dasgupta denied his request stating there was nothing wrong with him. On January 4, 1989 Dr. Dasgupta sent plaintiff to see Dr. Peters.
 
 
 13
 On April 4, 1989 plaintiff was required to mop and carry water which was painful to his back. A correctional officer advised the Health Services Unit when plaintiff complained that the work would hurt his back, and defendant Rataczak told the officer that there was nothing wrong with plaintiff's back. Plaintiff was given some analgesic balm for his neck and a hot water bottle for his back.
 
 
 14
 On April 24, 1989 plaintiff was seen by Dr. Dasgupta who told him that nothing was wrong with him. On November 1, 1989 plaintiff was denied pain medication for his back pain. On December 2, 1989 plaintiff hurt his back again and Dr. Dasgupta placed him on seven days sick-cell confinement without an examination.
 
 
 15
 In December 1989 plaintiff wrote defendants Whitmore and Murphy to complain about his denial of medical treatment by Dr. Dasgupta. On January 2, 1990 plaintiff was taken to Dr. Peters for his headaches, backaches and neck pain.
 
 
 16
 Plaintiff is unable to wear his TENS unit for pain because Dr. Dasgupta will not order the adhesive patches necessary to attach the wires to his body. The tape provided plaintiff does not hold the wires in place.
 
 OPINION
 
 17
 Plaintiff claims that his Eighth Amendment rights have been violated because the defendants were deliberately indifferent to his serious medical needs. Defendants argue that plaintiff can prove no set of facts that would entitle him to relief under the Eighth Amendment. Conley v. Gibson, 355 U.S. 41 (1957).
 
 
 18
 Allegations of deliberate indifference to an inmate's serious medical need state a cause of action under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97 (1976). A serious medical need can be defined as a life-threatening condition or as a condition carrying a risk of permanent impairment or extreme pain and suffering if left untreated.
 
 
 19
 Defendants argue that plaintiff's medical condition is not a serious medical need. This is possible. However, since plaintiff is proceeding pro se, the Court must construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff alleges that he has a neurological condition which causes him headaches, backaches and neck pain. He may be able to prove that this condition carries a risk of permanent impairment or extreme pain and suffering if left untreated.
 
 
 20
 The second question is whether plaintiff will be able to prove a set of facts that support a conclusion that the defendants were deliberately indifferent to this condition. In Estelle v. Gamble, 429 U.S. 97 (1976), the Court held that a disagreement over the scope and manner of treatment did not rise to the level of an Eighth Amendment claim. Deliberate indifference has been defined as reckless conduct implying "an act so dangerous that the defendant's knowledge of the risk [of harm resulting from the act] can be inferred." Duckworth v. Franzen, 780 F.2d 645, 652 (7th Cir.1985).
 
 
 21
 Petitioner claims that he has been denied medical treatment for his neurological condition. He alleges that he was seen by doctors and nurses from January 1989 and January 1990 but that Dr. Dasgupta and Nurse Rataczak do not believe that anything is wrong with him. Plaintiff does not agree with their medical conclusions or treatment.
 
 
 22
 Construing the allegations most favorable to plaintiff the Court must conclude that the defendants were not deliberately indifferent to his serious medical need. Accordingly, the Court finds that plaintiff can prove no set of facts that would entitle him to relief under the Eighth Amendment. The defendants motion to dismiss plaintiff's complaint must be granted.
 
 ORDER
 
 23
 IT IS ORDERED that defendants' motion to dismiss plaintiff's complaint is GRANTED.
 
 
 24
 IT IS FURTHER ORDERED that judgment be entered in favor of the defendants and against plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.
 
 
 25
 Entered this 17th day of May, 1990.
 
 BY THE COURT:
 
 26
 /s/JOHN C. SHABAZ
 
 District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant filed a statement that he does not believe that oral argument is necessary. The appeal is submitted for decision on the briefs and record